UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREENPOINT TECHNOLOGIES, INC., a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> PERIDOT ASSOCIATED S.A., a British Virgin Islands corporation, d/b/a PERIDOT ASSOCIATED LIMITED and PERIDOT LTD., <br><br> Defendant. <br><br> and <br><br> WELLS GARGO BANK NORTHWEST, NATIONAL ASSOCIATION, <br><br> Garnishee-Defendant. | CASE NO. C08-1828 RSM <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD |

ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD - 1

## I. INTRODUCTION

This matter comes before the Court upon Plaintiff's Motion to Confirm Final Arbitration Award (Dkt. #53) and Defendants' Cross-Motion to Vacate Arbitration Award (Dkt. #56). For the reasons set forth below, the Court GRANTS Plaintiff's motion and DENIES Defendants' cross-motion.

## II. BACKGROUND

Plaintiff Greenpoint Technologies, Inc. ("Greenpoint") is a Washington corporation that provides custom VIP interior modifications to aircraft. On February 28, 2008, Greenpoint entered into a contract with Defendants Peridot Associated S.A., Peridot Associated Limited, and Peridot Ltd. (collectively "Peridot"). The contract called for Greenpoint to install custom VIP interiors in two airplanes controlled by Peridot in return for over $64 million. Peridot was also required to make an initial payment of over $15 million. However, Greenpoint alleges that Peridot did not make any payments despite repeated assurances that it would pay. Consequently, Greenpoint incurred substantial expenses and made several operational commitments as a result of Peridot's misrepresentations. Greenpoint filed suit against Peridot in King County Superior Court and Peridot removed the action to this Court. Since the parties' contract contained an arbitration provision, Peridot moved to dismiss or stay the action pending arbitration. On March 11, 2009, this Court granted Peridot's motion and stayed the proceedings pending arbitration. Dkt. #37. Greenpoint subsequently filed a demand for arbitration with the American Arbitration Association ("AAA"). Dkt. #54, Ex. B.

The parties agreed on an arbitration panel composed of three Seattle attorneys (the "Panel"). *Id.*, Ex. D. After a hearing on the merits, on May 24, 2010, the Panel issued a Partial

Final Award in a 12-page, written decision setting forth the factual and legal bases for its decisions. *Id.*, Ex. A. A Final Award was issued on October 8, 2010. *Id.* The Panel found Peridot liable to Greenpoint for breach of contract and found for Peridot on Greenpoint's claims for fraud and misrepresentation. *Id.* On the breach of contract claim, the Panel awarded Greenpoint $5 million. The Panel also awarded Greenpoint $999,162 in fees and costs. *Id.* Finally, Greenpoint was awarded post-award interest at the rate of 12 percent on any portion of the award unpaid after thirty days, i.e., November 8, 2010. *Id.*

Greenpoint now seeks to confirm its arbitration award pursuant to Washington's Uniform Arbitration Act, which governs here by agreement of the parties. Dkt. #13-2 at Art. 18.1. Peridot opposes Greenpoint's motion and has filed a cross-motion to vacate the award on the premise that the Award is facially erroneous. Dkt. #56 at 4. Peridot does not challenge the attorneys' fee portion of the award. *Id.* at n. 3.

## III. DISCUSSION

**A. Standard**

The parties' agreement provides that Washington law governs "all issues that might arise." Dkt. No. 3-2 at Art. 18.1. Pursuant to Washington's Revised Uniform Arbitration Act,

> After a party to the arbitration proceeding receives notice of an award, the party may file a motion with the court for an order confirming the award, at which time the court shall issue such an order unless the award is modified or corrected under RCW 7.04A.200 or 7.04A.240 or is vacated under RCW 7.04A.230.

The statutory grounds for vacating an award are extremely narrow, limited generally to computational errors, corruption, fraud or a finding that the arbitrators acted beyond their powers. *See* RCW 7.04A.230 & .240. In deciding on a motion to vacate, a court may not review the merits of the case nor examine the evidence weighed by the arbitrators. *See Federated Servs. Ins. Co. v. Estate of Norberg,* 4 p.3d 844, 847 (Wash. 2000). "The very purpose of arbitration is

to avoid the courts insofar as the resolution of the dispute concerned." *Boyd v. Davis,* 897 P.2d 1239, 1242 (Wash. 1995). However, where there is an error of law on the face of the award the court may interpret such error as evidence that the arbitrators "exceeded their powers." RCW 7.04.160(4). *See Federated Servs.,* 4 p.3d at 847. A party seeking to vacate an arbitration award bears the burden of proving such an error. *See McGinnity v. AutoNation, Inc.,* 202 P.3d 1009 (Wash. 2009).

## B. Waiver

Peridot argues that the Partial Final Award contains a legal error because it provides that Greenpoint executed an assignment agreement in which it stated it "has no rights or claims or any amount due or owing or pending against Peridot under [the Feburary 28th contract] or otherwise," but does not interpret the statement as an unconditional waiver of Greenpoint's claims against Peridot. The relevant text of the Partial Final Award is as follows:

> Peridot…contends that, even if there was an enforceable contract on February 28th, Greenpoint waived any damages claims by executing the assignment agreement (Hearing Exhibit 155) in mid-May 2008 that, in paragraph 5-d, recites that Greenpoint "has no rights or claims or any amounts due or owing or pending against Peridot under [the February 28th contract] or otherwise." The assignment never became effective because the third party to the assignment agreement (Skyways Jet Ltd., Peridot's ostensible parent corporation) never signed that agreement. Moreover, the evidence reflects that Greenpoint's recitation in paragraph 50-d was given for the purpose of facilitating the assignment and inducing Skyway to accept the assignment. It is thus of no legal effect and does not amount to an admission against Greenpoint's interest or a waiver of its damages claims in this case.

Dkt. # 54, Ex. A at 6. Peridot argues that the plain language of the statement indicates that Greenpoint made a present, unconditional waiver of any potential claims against Peridot. It contends that, under Washington law, an unconditional statement waiving a party's claims is not required to be accepted by a third party. Therefore, Defendants argue, the Panel's conclusion

1  that the recitation was given for the "purpose of facilitating the assignment" is clearly contrary to
2  Washington law.  The Court disagrees.

3       Under Washington law, a waiver can be unilateral and without consideration.  *See*
4  *Panorama Residential Protective Ass'n v. Panorama Corp. of Wash.,* 640 P.2d 1057, 1060
5  (Wash. 1982).  However, a waiver may also be conditional.  *See, e.g., State v. Brittain,* 689 P.2d
6  1095, 1097 (Wash. 1984).  Peridot offers no authority to the contrary.  The Panel determined the
7  waiver was conditional upon acceptance by Skyway.  If this is true, then the Panel made no legal
8  error in determining that the waiver was ineffective absent acceptance by Skyway.

9       Nonetheless, Peridot argues that the plain language of the waiver indicates that it was
10 intended to be *un*conditional.  Therefore, according to Peridot, the Panel's conclusion that the
11 waiver never became effective is an erroneous conclusion of law.  Dkt. #60 at 2.  The Court
12 declines to interpret a single phrase, taken out of the context of the contract as a whole, as
13 Greenpoint's unequivocal waiver of all claims against Peridot.  "It is necessary that the person
14 against whom waiver is claimed have intended to relinquish the right, advantage, or benefit and
15 his action must be inconsistent with any other intent than to waive it."  *Wagner v. Wagner,* 621
16 P.2d 1279, 1283 (1980).  Apparently, the Panel concluded that it was not Greenpoint's intention
17 to waive its claims against Peridot.  The Court cannot determine whether the Panel's conclusion
18 was correct without delving into the contract and the other evidence that the Panel relied upon in
19 reaching its decision.  This, the Court is not at liberty to do. *See Federated Servs. Ins. Co. v.*
20 *Estate of Norberg,* 4 p.3d 844, 847 (Wash. 2000) (holding that a court may not review the merits
21 of an arbitration decision nor examine the evidence weighed by the arbitrators).  Therefore, there
22 is no legal error on the face of the award with respect to the effect of the waiver language.  The
23 Court DENIES Peridot's motion to vacate this portion of the Panel's award.

24

ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD - 5

## C. Damages

Peridot also challenges the Panel's award of lost profits to Greenpoint. Peridot notes that the Panel awarded lost profits to Greenpoint after determining that Greenpoint's expert "dramatically overstated" the extent of the losses. Dkt. #54, Ex. A at 9. The relevant award language provides:

> Evidence offered at the hearing demonstrated that the [Program Cost Worksheets] used by Greenpoint do not have the historical accuracy adequate to serve as the founding for a lost profits analysis … Moreover, there is no substantial support for Greenpoint's argument that the cost of installation would be US$7.7 million rather than the US$11 million upon which Greenpoint had based its cost assumptions through the life of the project. On balance, these factors, coupled with the large size of the project, the extensive utilization of estimates in the PCW, and other weaknesses in the worksheet cause the Arbitrators to reject the PCW as a reliable foundation for the determination of damages in this case. Fundamentally, Greenpoint's lost profits are dramatically overstated by Mr. Knoll' approach…
>
> The inappropriateness of Mr. Knoll's reliance on the PCW and his lost profits calculation is also supported by a comparison of the result of such an analysis with the historical company-wide financial performance of Greenpoint. Mr. Knoll's lost profits analysis cannot be reconciled with Greenpoint's past financial results…
>
> Notwithstanding the Arbitrators' reluctance to wholly accept the lost profits analysis developed by Mr. Knoll, there is adequate information in the record upon which to base an award of damages. Greenpoint should be awarded the sum of US$5,000,000 – after taking into account the US$1,000,000 deposit previously made by Peridot.

Dkt. #54, Ex. A at 9.

Washington requires that a party seeking lost profits prove them with "reasonable certainty." *See Tiegs v. Watts,* 954 P.2d 877, 885 (Wash. 1998). Since the Panel found that Greenpoint's expert's calculations were inaccurate, Peridot claims that awarding Greenpoint lost profits was an error of law. Again, the Court disagrees.

First, with the exception of punitive damages, attorneys' fees, and expenses of arbitration, a court cannot vacate an arbitration award based solely on the fact that it could not grant the

1  same award if the dispute were in a court of law. *See* RCW 7.04A.210 ("[A]n arbitrator may
2  order such remedies as the arbitrator considers just and appropriate ... The fact that such a
3  remedy could not or would not be granted by the court is not a ground for refusing to confirm an
4  award … or for vacating an award."). Therefore, the Court denies Peridot's motion on this basis
5  alone.

6  Second, the Partial Final Award provides that, "there is adequate information in the
7  record upon which to base an award of damages." Dkt. #54, Ex. A at 9. Therefore,
8  notwithstanding the Panel's rejection of Mr. Kroll's analysis, the language of the Partial Final
9  Award indicates that the Panel considered other "information" that supported its award of
10 damages to Greenpoint. Its rejection of Mr. Kroll's analysis is not inconsistent with issuing an
11 award of lost profits.

12 Finally, the Partial Final Award provides at least one factual basis for the Panel's award
13 of damages. The Partial Final Award provides that Peridot's own expert "offered four different
14 approaches for calculating damages based on lost profits, with damages ranging from a high of
15 approximately US$10.0 million to a low of approximately US$1.6 million." Dkt. #54, Ex. A at
16 8. Therefore, even if this Court were required to determine whether there was a legal error on
17 the face of the Partial Final Award with respect to the Panel's calculation of lost profits – which
18 it is not – it would find no error because Peridot's own expert's calculations support the amount
19 of damages awarded by the Panel. Accordingly, the Court DENIES Peridot's motion to vacate
20 the damages portion of the Panel's award.

21 Having found no basis upon which to vacate the Panel's award, the Court hereby
22 CONFIRMS the Final Award.

23
24

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Greenpoint's Motion to Confirm Final Arbitration Award (Dkt. #53) is GRANTED. The Final Award of the American Arbitration Association, International Centre for Dispute Resolution, Case No. 50-132-T-000014-09 (Dkt. #54, Ex. A) is hereby CONFIRMED.

(2) Peridot's Cross-Motion to Vacate Arbitration Award is DENIED.

(3) The Clerk is directed to enter judgment in this matter for the arbitration award, including interest at 12% per year on any amounts remaining unpaid after November 8, 2010.

(4) Pursuant to RCW 7.04A.250, the Court finds that Greenpoint is entitled to an award of its reasonable attorneys fees and costs incurred in connection with this confirmation.  Greenpoint shall submit all such fees and costs within 10 days of entry of this order.

(5) The Clerk is directed to forward a copy of this Order to Defendants and all counsel of record.

Dated this 18th day of February 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE